IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

GARY HOLT                                                              PLAINTIFF

v.                         No. 4:11-cv-754-DPM-BD

CAROLYN W. COLVIN, Commissioner,
Social Security Administration                                         DEFENDANT

ORDER

In February 2010, Holt applied for disability insurance benefits and supplemental security income. The Social Security Administration denied his claim after a hearing and denied his request for appellate review. Holt appeals to this Court. The Commissioner's decision that Holt could perform his past work as a telemarketer is, Holt argues, unsupported by substantial evidence for several reasons: the Administrative Law Judge failed to consider all Holt's impairments; the ALJ failed to develop the record; and the ALJ failed to address third-party testimony supporting Holt's disability claim. This Court's review is limited to whether, considering both the supporting evidence and contrary evidence of record, substantial evidence supports the

Commissioner's decision that he was not disabled. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000).

**1. Background.** The ALJ found that Holt had two severe impairments: a back and spine disorder, and a peptic ulcer. *R. at 14*. The record reveals other conditions, including four surgeries. Beginning in February 2009 (as far as this record shows), Holt reported trouble urinating. *R. 235*. He was admitted to the hospital twice for that condition in January 2010, *R. at 269 & 274*, and had prostate surgery to correct it in March 2010. *R. at 285*. In February 2010 Holt reported to the hospital feeling faint and was diagnosed with gastric bleeding. *R. at 244, 252*. He had surgery to fix the ulcer. *R. at 255–56*. During follow-up from that surgery in mid-March, Holt's surgeon diagnosed two inguinal hernias and scheduled a discussion about surgery to repair them. *R. at 346*. The surgery took place.

Background for all these conditions, Holt says, was the back pain he reported to his doctor in December 2009. *R. at 231*. The record includes an MRI report dated 17 December 2009, *R. at 222*, and on 11 January 2010 Holt discussed those results with his doctor. *R. at 229*. The doctor prescribed Naprosyn, an anti-inflammatory, *R. at 229*, but Holt says the prescription was

-2-

stopped when he developed stomach bleeding. *R. at 39.* And in May 2011 Holt told his doctor that for years he had suffered arthritis in both knees. *R. at 370.* He said rainy weather made the pain worse. *Ibid.*

**2. Holt's Arguments.** Holt says the ALJ failed to consider the combined effect of all his problems, and complications from the problems individually, when she concluded that Holt could do his past work. *Document No. 17, at 4.* The Court disagrees. Holt alleged that he became disabled on 11 February 2010. Even a closed period of disability must last at least one year. *Titus v. Sullivan,* 4 F.3d 590, 594 (8th Cir. 1993). All the evidence shows that Holt's hernias and urinary problems were surgically corrected within months. *R. at 347, 356–57.* Holt admitted at the hearing that his bleeding ulcer had stopped acutely bothering him after the surgery. *R. at 33.* He denied complications from the maintenance medication for the ulcer. *R. at 34.* So unless Holt's knee and back pain were themselves disabling, the record could not support finding any one-year period of disability.

What about Holt's knees and back? The ALJ found that Holt could perform medium work, except that he must avoid cold and wetness in consideration of his knees. *R. at 15.* Substantial evidence supports her

conclusion that Holt's back and knee pain did not further limit his ability to work. There is no evidence that Holt complained to anyone about back pain after January 2010. He does not appear to have sought a replacement prescription when his Naprosyn was stopped, and acknowledged at the hearing that he was "not really taking anything to address [back pain]." *R. at 38*. Holt points out that when he met with his doctor to discuss his spine-MRI results, he could not see a neurosurgeon because he lacked insurance. *Document No. 17, at 4; R. at 229*. Fair enough. But as early as January 2010, his medical records reflect that he was covered by Arkansas Medicaid. *R. at 323*. Holt noted as much when he told the Appeals Council that his smoking was immaterial because "I'm on Medicaid. They paid for the biggest part of meds. I was out a dollar or 2." *R. at 7*. His failure to seek more aggressive treatment for his back pain supports the ALJ's conclusion that it was not disabling. *Depover v. Barnhart*, 349 F.3d 563, 566 (8th Cir. 2003).

Holt makes other arguments. First he says the ALJ should have developed the record by reaching out to treating sources or ordering a consultative examination. But the ALJ is not obliged to expand the record when the existing record allows her to determine the claimant's residual

-4-

functional capacity. *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). In light of Holt's failure to seek prompt and continuing medical treatment for his pain, and the absence of any evidence of limits on his range of motion, the ALJ was entitled to conclude that no doctor recorded functional limitations because Holt's conditions did not pose any.

Holt argues next that the ALJ should have given more weight to his pastor's report about Holt's limitations. But the Court agrees with the United States that the ALJ gave the report all the weight it could bear; Pastor Branscum did not know what Holt did during the day, nor what Holt had done before the alleged disability. *R. at 181–82*.

Finally, Holt says the ALJ should have undertaken a function-by-function analysis of his impairments before concluding he could do medium work. True, the best practice is for an ALJ to make specific findings about the functional components of a given level of work. *Depover*, 349 F.3d at 567. But the Court sees no evidence that any doctor has ever deemed Holt to have less than a full range of motion. The Court concludes that, rather than overlooking any limitations, the ALJ simply found that in good weather Holt could meet all the functional requirements of medium work. *Ibid*. Substantial

evidence supports that finding, so it comfortably supports the ALJ's ultimate conclusion that Holt could return to his previous sedentary work as a telemarketer.

The Commissioner's decision is affirmed.

So Ordered.

*[signature]*

D.P. Marshall Jr.
United States District Judge

25 March 2013